## Martin Enema, Appellee, v. MacGowan-Finnegan Foundry and Machine Company, Appellant.

1. MASTER AND SERVANT—*when doctrine of assumed risk applies.* Where the dangers which resulted in the injury to the servant were obvious and open and well known to him and not known to the master nor shown to have existed for a sufficient length of time to raise a presumption of knowledge, a recovery by the servant will not be sustained.

2. INSTRUCTIONS—*upon what theories cause should not be submitted.* A case should not be submitted to the jury upon a theory not supported by evidence in the case.

3. INSTRUCTIONS—*approved form where servant continues at employment notwithstanding master's failure to repair after promise made.* An instruction upon this subject as follows, is approved:

"Even though you may believe from the evidence that the defendant did have a windlass which was used in conveying iron to the cupola and you believe from the evidence that this windlass was out of order so that it could not be used, and that the defendant promised the plaintiff to repair the windlass so that he could use the same in hauling iron to the cupola, and if you further believe from the evidence that after this promise was made to the plaintiff, if you believe it was made, that the defendant had ample and sufficient and reasonable time to repair said windlass and did not put it in working order and neglected or refused to do so, within a reasonable

time after said promise to repair, then you are instructed that if you believe from the evidence that after this time had elapsed, and plaintiff knew or by the exercise of ordinary care might have known that the windlass was not repaired and had not been put in such a condition that he could use the same, then there cannot be a recovery and your verdict as to it should be for the defendant."

Action in case for personal injuries. Appeal from the City Court of East St. Louis; the Hon. B. W. Pope, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded. Opinion filed November 12, 1910.

WISE, KEEFE and WHEELER, for appellant.

F. O. SMITH, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

The appellant is operating a foundry in East St. Louis. Part of its machinery is an incline fifty feet long and three and one-half feet wide running from the ground to the cupola on the second story to the height of about twelve feet. On this incline was a track two and one-half feet wide on which was drawn a four wheel truck by a crab or windlass and a wire cable attached to a loop in the truck. The appellee's employment was to turn this windlass and haul this truck up the incline loaded with heavy iron, small scrap iron, coke and lime rock and unload it at the cupola. He recovered a judgment against appellant for $1,800 for personal injuries received by him. The charge in the first and fourth counts of the declaration is in substance that the defendant negligently permitted the crab to be out of repair and negligently allowed the incline to be in a defective, worn, greasy and unsuitable condition for the use made of it. In the second and fifth counts the same defects and dangerous conditions are charged, and it is also averred that the defendant negligently ordered him to wheel with a wheelbarrow the scrap iron on the incline without any guards or strips thereon to protect him. The same defects are charged in the third count and, also,

that the defendant negligently ordered him to wheel the scrap iron up the incline in a wheelbarrow until the crab could be repaired, and promised the plaintiff to repair the same within a reasonable time upon which he relied. The declaration further charges that he was injured, etc., by reason of the said negligence.

The evidence for the plaintiff tends to show that the crab was out of repair and could not be used by him; that he notified the defendant's foreman that it was out of repair and dangerous, and that the foreman promised to repair it as soon as he could, and told him to go ahead and wheel the stuff up with a wheelbarrow, and that such promise and request were repeated every one of the six or seven days appellee worked there; that the plaintiff was injured by slipping and falling off the incline while wheeling scrap iron, aud that it would only have required about two hours to repair the crab. The defendant's evidence tended to show that appellee's employment required him only to use the crab when heavy iron was hauled, and that he was to haul the light scrap iron he was hauling when injured, and the coke and the rock, with the wheelbarrow.

Appellant insists that appellee cannot recover because he assumed the risk, as the defects were open and obvious and well known to appellee. Appellee denied that he knew the dangers of using the wheelbarrow on the incline, and said he did not know that it was slippery by reason of grease and slag balls that had fallen onto the incline from the furnace. It does not appear from the evidence that there was any compulsory order from the foreman to use the wheelbarrow. It was more of the nature of a promise to repair, if he would use the wheelbarrow until the crab was repaired. It does not clearly appear whether the notice to the foreman was that it was dangerous to use the crab because out of repair, or that it was dangerous to use the wheelbarrow on the incline. The

defective crab was in no way responsible for appellee's injury unless upon the theory that he was compelled thereby to use the wheelbarrow instead of the crab, as appellee was not using the defective crab when injured. All the dangers of wheeling the iron on the incline were obvious and open and well known to appellee except possibly the slippery condition of it by reason of the grease and slag balls thereon, and the presence of grease on the incline was neither known to defendant, nor was it proven to be there long enough to have been known by it. It is not clearly proven just what caused him to slip on the incline. About the only theory upon which appellee was entitled to have his case considered by the jury under the condition of the evidence was under the third count of the declaration wherein he charges in substance a promise to repair the crab so that he could do the work with it in a safe way. All other counts, at least on the theory of a compulsory order, should have been taken from the jury, under the evidence. Appellant asked the court to give the jury this instruction:

"Even though you may believe from the evidence that the defendant did have a windlass which was used in conveying iron to the cupola and you believe from the evidence that this windlass was out of order so that it could not be used, and that the defendant promised the plaintiff to repair the windlass so that he could use the same in hauling iron to the cupola, and if you further believe from the evidence that after this promise was made to the plaintiff, if you believe it was made, that the defendant had ample and sufficient and reasonable time to repair said windlass and did not put it in working order and neglected or refused to do so, within a reasonable time after said promise to repair, then you are instructed that if you believe from the evidence that after this time had elapsed, and plaintiff knew or by the exercise of ordinary care might have known that the windlass was not repaired and had not been put in such a condition that he could use the same, then there cannot be a recovery and your verdict as to it should be for the defendant."

This instruction states the law applicable to the third count of the declaration. Illinois Steel Co. v. Mann, 170 Ill. 200. No other instruction of similar import was given. It was very material to the defendant's defense, and the jury should have been allowed to consider it with reference to this count. It is true that it was not limited to the third count, but it should have been so modified by the court and given, and the two counts not proven taken from the jury. Upon no other count in our judgment, under the doubtful state of the evidence, could there be any show for a recovery. In the present unsatisfactory condition of the evidence, and with the two counts relying on compulsory orders not proven and not taken from the consideration of the jury, we are left to doubt very seriously whether or not the jury really considered the case upon its true merits. We think under the circumstances the court erred in not taking said two counts from the consideration of the jury; and in not giving said instruction to the jury properly modified and limited to the first count of the declaration. The judgment of the lower court is therefore reversed, and the cause remanded.

*Reversed and remanded.*